UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERIECE JOHNSON,<br><br>　　　　　Petitioner,<br>v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　Respondent. | Case No. 08cv1782-W (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On September 29, 2008, Petitioner Periece Johnson, a state prisoner appearing *pro se* and *in forma pauperis*, filed the Petition for Writ of Habeas Corpus currently before the Court. Doc. No. 1. Petitioner challenges his 2005 convictions for selling cocaine base and possessing cocaine base for sale. Id.

This Court has considered the Petition, Respondent's Motion to Dismiss, Petitioner's memorandum (which the Court construes as an opposition to Respondent's motion to dismiss), and all supporting

documents submitted by the parties. For the reasons set forth below, this Court **RECOMMENDS** that Respondent's Motion to Dismiss [Doc. No. 11] be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2005, a San Diego jury convicted Petitioner of selling cocaine base in violation of California Health and Safety Code § 11352(a) and of possessing cocaine base for sale in violation of Health and Safety Code § 11351.5. Lodgment 1 at 82-83. The next day, Petitioner admitted having three prior felony convictions, a prior strike conviction, and a prison prior. Id. at 135; Lodgment 2, vol. 4 at 287-98. The trial judge sentenced Petitioner to twenty-five years to life in prison plus one additional year for his prior convictions pursuant to California Penal Code § 667.5(b). Lodgment 2, vol. 5 at 365.

Petitioner appealed. Lodgment 3. In an unpublished disposition dated July 25, 2006, the California Court of Appeal, Fourth Appellate District, Division One affirmed the judgment. Lodgment 5. Thereafter, Petitioner sought review by the California Supreme Court. Lodgment 6. On October 11, 2006, the California Supreme Court denied the petition for review. Lodgment 7.

On September 28, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court alleging claims of (1) prosecutorial misconduct, (2) ineffective assistance of counsel, and (3) miscarriage of justice. Lodgment 8. The California Supreme Court denied the petition on March 19, 2008. Lodgment 9.

Petitioner filed his federal habeas petition on September 29, 2008. Doc. No. 1. The instant Petition appears to raise the same three claims presented to the California Supreme Court on habeas review. Id.

**SCOPE OF REVIEW**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2006).

**DISCUSSION**

Respondent contends that the Petition should be dismissed because it is barred by the one-year statute of limitations. Resp't Mem. at 3.

**A.   The AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (West Supp. 2006). The one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

///

1  Here, the statute of limitations began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2241(d)(1)(A). The California Supreme Court denied Petitioner's petition for review on direct appeal on October 11, 2006. Lodgment 7. The statute of limitations thus began to run ninety days later on January 9, 2007, after the time expired during which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (confirming that limitations period does not begin until after expiration of ninety-day period for seeking certiorari under Sup. Ct. R. 13). Absent tolling, the AEDPA limitations period expired one year later on January 9, 2008. 28 U.S.C. § 2244(d). Because Petitioner did not file his federal habeas petition until September 29, 2008, it is untimely unless Petitioner is entitled to some form of tolling.

**B.   Tolling**

   **1.   Petitioner Is Entitled to Statutory Tolling**

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). The statute of limitations is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." Nino, 183 F.3d at 1006. Similarly, the limitations period is not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2).

///

In this case, Petitioner is entitled to some statutory tolling. The statute of limitations began to run on January 9, 2007. It stopped when Petitioner filed a habeas petition in the California Supreme Court, see 28 U.S.C. § 2244(d)(2) and Nino, 183 F.3d at 1006, though there is some confusion as to the appropriate constructive filing date of that petition. In determining the filing date of a petition, a petitioner generally is entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date the petition was presented to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that petitioner's notice of appeal is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk"); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (recognizing the application of Houston's mailbox rule to federal habeas filings); see also Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (recognizing same with regard to state habeas petitions). Here, the proof of service attached to Petitioner's state habeas petition indicates that he placed it in the prison's internal mailing system on July 22, 2007, for mailing to the California Supreme Court. Lodgment 8. On its face, the same habeas petition contains a July 27, 2007 received stamp from the clerk of the California Supreme Court. Id. However, Petitioner did not sign the habeas petition itself until August 9, 2007. Id. Furthermore, the habeas petition was not *filed* in the California Supreme Court until September 28, 2007. Id. Petitioner claims he gave the petition to prison guards on July 22, 2007, but that, due to mail room problems, the petition went back and forth between he and the guards and was not actually sent out until August 9, 2007. Pet'r Opp'n at 2. Ultimately, the Court need not resolve this factual dispute because even if the

Court uses the earliest possible date of July 22, 2007 (which would result in the statutory clock having stopped after 194 days), Petitioner's federal petition still is untimely.

The statutory clock resumed running on March 19, 2008, when the California Supreme Court denied Petitioner's habeas petition. See 28 U.S.C. § 2244(d)(2). It then expired, at the latest[1], 171 days later on September 8, 2008[2]. Because Petitioner did not file the instant federal Petition until September 29, 2008[3], this period of statutory tolling is insufficient to make the Petition timely. Thus, unless Petitioner establishes an entitlement to equitable tolling, the instant Petition is untimely.

**2.   Petitioner Fails to Show That Equitable Tolling Is Warranted**

Petitioner argues that he is entitled to equitable tolling because he was held in the segregated housing unit from November 5, 2007 to January 13, 2008, and this made it "impossible" to file a petition on time. Pet'r Opp'n at 3.

In the Ninth Circuit, the AEDPA's one-year statute of limitations

---

[1] The Court assumes without deciding, for purposes of this calculation, that 194 days already had expired on the limitations period (relying on the July 22, 2007 mailing date for Petitioner's state habeas petition).

[2] The 171st day actually is September 6, 2008. However, because that date is a Saturday, the limitations period would not expire until the following Monday, in accordance with Rule 6 of the Federal Rules of Civil Procedure. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Fed. R. Civ. P. 6(a)).

[3] Again, the Court considers whether Petitioner is entitled to the benefit of the mailbox rule. He signed his federal petition on September 23, 2008. Doc. No. 1. However, the Petition is not accompanied by a proof of service indicating when Petitioner presented it to prison authorities for mailing, so it appears the mailbox rule does not apply. See Smith v. Duncan, 297 F.3d 809, 814-815 (9th Cir. 2002), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005) (focusing on the date the petitioner "signed the declaration of mailing"). The Court also does not need to resolve this factual issue because, even if the Court allowed Petitioner the benefit of the extra few days, the Petition still is untimely.

is subject to equitable tolling.[4]  See Harris v. Carter, 515 F.3d 1051, 1055 n.4 (9th Cir. 2008) (confirming the Ninth Circuit holding that § 2244(d) allows for equitable tolling); Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006) (same).  While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioners face such a high bar so as to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  Guillory v. Rose, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)).

In this case, Petitioner's equitable tolling argument is unavailing.  The statute of limitations already was tolled from September 28, 2007 through March 19, 2008, while Petitioner's habeas petition was pending in the California Supreme Court.  See Section B(1) *supra*.  This time frame encompasses the time period from November 5, 2007 through January 13, 2008, during which Petitioner claims he was held in the segregated housing unit.  Thus, even if Petitioner's allegations regarding being held in the segregated housing unit were

---

[4]  The Supreme Court has never squarely addressed the question of whether § 2244(d) allows for equitable tolling of the AEDPA's statute of limitations.  See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling applies to the AEDPA's limitations period).

sufficient to warrant equitable tolling[5], because the statute already was statutorily tolled during that time, Petitioner would not benefit from any equitable tolling during the November to January time frame. In other words, he is not entitled to any additional period of tolling.

Petitioner does not present any other arguments or assert any other facts in support of his equitable tolling claim and the Court sees none. Accordingly and for the foregoing reasons, the Court finds that the instant Petition was filed after the statute of limitations expired and Petitioner has not satisfied his burden of demonstrating that equitable tolling is appropriate in this case. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (holding that the petitioner "bears the burden of showing that equitable tolling is appropriate"). As a result, this Court finds that the claims presented in the Petition are barred by the AEDPA's one-year statute of limitations and, therefore, **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED.**

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondents' Motion to Dismiss; and (3) dismissing this action in its entirety with prejudice.

**IT IS ORDERED** that no later than **May 20, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and

---

[5] In light of Petitioner's bare allegations, which do not specify which petition he sought to file during this time period, why his housing situation made it "impossible" to file said petition, or what efforts Petitioner made to comply with court deadlines, the Court does not find that Petitioner has met the standard necessary to justify equitable tolling. See Pace, 544 U.S. at 418 (requiring a showing of diligence and extraordinary circumstances).

Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 10, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: April 28, 2009

BARBARA L. MAJOR
United States Magistrate Judge